857 So.2d 935 (2003)
Patricia SPEZZANO, as personal representative of the estate of John Spezzano, Appellant,
v.
Chad YOXALL and Robert Yoxall, Appellees.
No. 4D02-2837.
District Court of Appeal of Florida, Fourth District.
October 1, 2003.
Rehearing Denied November 14, 2003.
Patricia Spezzano, Southwest Ranches, pro se.
Angela C. Flowers of Kubicki Draper, Miami, for appellees.
PER CURIAM.
Appellant, Patricia Spezzano, as personal representative of the estate of her son, John Spezzano, filed a wrongful death action against appellees, Chad and Robert Yoxall. The trial court entered final summary judgment in favor of appellees and appellant appeals. We affirm.
In 1981 John was diagnosed and treated for a brainstem tumor. He did well until 1993 when his symptoms increased. In January 1999 John was in an automobile accident with appellees in which he hit his head on the windshield. Thereafter, John's tumor worsened and he eventually died.
In appellant's suit for wrongful death, it was alleged that John's death was the result of the automobile accident. Appellees filed their Motion for Summary Judgment and presented three doctors' depositions and two other doctors' affidavits in which all the doctors stated that John's death was not caused or the tumor aggravated by the head trauma which occurred during the accident.
Appellant's response to appellees' motion did not include any doctor's opinion contrary to the opinions of appellees' experts. "A party moving for summary judgment must conclusively demonstrate the absence of any genuine issue of material fact and the moving party's entitlement to judgment as a matter of law." Gulfstream Park Racing Ass'n v. Gold Spur Stable, Inc., 820 So.2d 957, 960 (Fla. 4th DCA 2002) (citation omitted). We find that the trial court did not err in granting appellees' motion for summary judgment because there was no genuine issue of *936 material fact as to the cause of John's death. We, therefore, affirm the judgment of the trial court.
AFFIRMED.
STONE, POLEN and HAZOURI, JJ., concur.